James E. Cecchi
Lindsey H. Taylor
CARELLA, BYRNE, BAIN, GILFILLAN,
 CECCHI, STEWART & OLSTEIN
5 Becker Farm Rd.
Roseland, New Jersey 07068
(973) 994-1700

Paul M. Weiss
FREED & WEISS LLC
111 West Washington Street, Suite 1331
Chicago, Illinois  60602
(312) 220-0000

Eric Stoppenhagen
LAW OFFICE OF ERIC
STOPPENHAGEN
285 Avenue C
Suite #MB
New York, New York 10009
(646) 594-8669

Steven R. Jaffe
Mark S. Fistos
ROTHSTEIN ROSENFEDLT ADLER
Las Olas City Centre
401 East Las Olas Boulevard, Suite 1650
Fort Lauderdale, Florida 33301
(954) 522-3456

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ORLANDO S. RAMIREZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CVT PREPAID SOLUTIONS, INC.,<br><br>Defendant. | Civil Action No.<br><br><br><br><br>**CLASS ACTION COMPLAINT**<br>**and DEMAND FOR JURY TRIAL** |

Plaintiff Orlando S. Ramirez ("Plaintiff"), on behalf of himself and others similarly situated, by way of Complaint against Defendant CVT Prepaid Solutions Inc. ("Defendant" or "CVT"), says:

**INTRODUCTION**

1.      Plaintiff and the Class he seeks to represent are purchasers of Defendant's prepaid calling cards, whom Defendant has routinely victimized through a common course of consumer abuses and deception involving systematic, material omissions of fact.

2.      Prepaid calling cards are cards that embody a right to exchange the monetary value stated on the card for telephone calling time.  Consumers pay the price stated on the prepaid calling card to make long-distance phone calls.  To induce consumers to purchase its cards, CVT's cards ("Prepaid Calling Cards," "CVT Cards," or "Cards") are pre-printed with standard verbiage, including highly visible and prominent price points, sometimes as low as $2.

3.      Defendant markets and sells Prepaid Calling Cards through retail outlets and distributors through convenience stores, gas stations, and other retail locations often in low income and immigrant communities.

4.      CVT's Cards, however, are not what they appear to be. CVT leads consumers into believing they are buying calling time when purchasing Prepaid Calling Cards, when in reality Plaintiff and Class Members only receive a fraction of the calling time they reasonably expect.

5.      Defendant fails to clearly and conspicuously disclose material facts and conditions on the use of its Cards, including how much the consumer pays per minute (for example, 10 ¢ per minute of calling time), and that a large portion of the stated price on the Cards does _not_ go to pay for calling time but for a host of standard conditions, fees and charges that Defendant surreptitiously imposes for its own profit.  These fees are not regulated rates or taxes, but CVT fees and surcharges that CVT intentionally imposes on unsuspecting consumers to reap greater profits.

6.      In truth and in fact, without the foregoing information, consumers have no way of knowing just what they are buying.  Had Defendant clearly and conspicuously disclosed how much the Card is really worth in terms of what the consumer pays per minute of calling time and that the stated monetary value of CVT Cards would be greatly reduced or eliminated _not_ by calling time but by Defendant's undisclosed fees, surcharges and conditions, Plaintiff and Class

2

Members would not have purchased them.  Defendant has uniformly deprived them from making informed decisions about buying Defendant's Cards.

7.      Through Defendant's course of conduct as detailed herein, Defendant has injured Plaintiff and Class members by systematically depriving Plaintiff and other purchasers of CVT Cards, like Class Members, of the full face value of the Cards purchased from Defendant to make long-distance calls.

8.      Defendant will continue on its common course of misleading and deceptive conduct, unless stopped by this Court.  Defendant's abuses are especially abhorrent because they systematically victimize ethnic and immigrant populations in New Jersey and nationwide.

9.      Accordingly, Plaintiff brings this suit to stop Defendant from continuing on its unlawful course of conduct and to recover the monetary losses Defendant has inflicted on Plaintiff and Class Members.

## PARTIES

10.     Plaintiff Orlando S. Ramirez is citizen of New York, residing at 56 North Long Beach Avenue, Freeport, New York.  Plaintiff is a member of the Class defined herein.  Plaintiff and the Class he seeks to represent are purchasers of Defendant's Prepaid Calling Cards.  Class Members reside in and are citizens of states outside of those in which Defendant is a citizen. Sometime in 2007, Plaintiff purchased a CVT Card a copy of which is attached as Exhibit A hereto.

11.     Defendant CVT Prepaid Solutions, Inc. ("CVT" or "Defendant") is a Delaware corporation with its principal place of business located at 42-11 Bell Boulevard, Bayside, New York.  At all times material to this Complaint, CVT has caused the manufacture, marketing,

labeling, offering for sale, selling, and distribution of Prepaid Calling Cards under various brand names in New Jersey and throughout the United States.

12.     Whenever in this Complaint reference is made to any act or omission of a corporate defendant, partnership, or other entity, such allegations shall be deemed to mean that the directors, officers, agents, employees, distributors, partners, contractors, third-party sales agencies or representatives of said corporate defendant, partnership or other entity, did, authorized or commanded such act or omission while actively engaged in the management, operation, control or representation of the affairs of said corporate defendant, partnership or entity, and while acting within the course and scope of their agency, distributorship, contract, employment, representation and capacity.

## JURISDICTION AND VENUE

13.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(d) because at least one member of the putative class is a citizen of a State other the citizenship of Defendant, there are more than 100 class members, and the damages suffered and sought to be recovered herein total, in the aggregate, in excess of $5,000,000, exclusive of interest and costs.

14.     At all times material, Defendant has had purposeful and continuous, systematic contacts in or affecting the state of New Jersey.

15.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) because Defendant, at all material times, has had continuous and systematic contacts in this District by actively doing business and perpetuating the business practice scheme that is the subject of this cause in New Jersey.

## BACKGROUND

16. As a matter of course, a Prepaid Calling Card, as the term implies, is paid for in advance. Prepaid Calling Cards embody a right to exchange the monetary value stated on the card for telephone calling time. Consumers pay the price stated on the card to buy calling time typically to make long-distance phone calls. Prepaid Calling Cards are sold in denominations of $2 to $100 at many locations including newsstands, retail stores, and grocery and convenience stores.

17. In its most common form, users purchase a Prepaid Calling Card with an access number and an authorization or PIN code printed on it. Card owners dial the access number to reach a switch operated by the card issuer, then punch in their code. After a recorded message tells them the value remaining on the card, they dial the number they want to call. Cards often have an expiration date, after which they are invalid. As calls are made, the usable minutes are automatically deducted from the card balance, which is either recorded on the card itself or on a central computer through which the long distance calls are routed.

18. Prepaid calling cards are particularly popular among new immigrants and other low-income consumers who are least able to afford or qualify for conventional telephone service. Because many immigrants arrive without well developed English skills and with no knowledge of the U.S. legal system, they are easy targets for deceptive and unfair acts or practices in marketing calling cards.

## DEFENDANT'S COMMON COURSE OF CONDUCT

19. Defendant has been selling and distributing Prepaid Calling Cards, and has been targeting sales of Cards to ethnic consumers.

5

20. Defendant's Cards contain standardized verbiage, terms and conditions. Plaintiff has attached a copy of Defendant's Cards as Exhibit A hereto, which he purchased. The CVT Prepaid Phone Cards which Plaintiff purchased purported to allow specific minutes of calling time (*e.g.*, X minutes of calling time for $5.00), yet Defendant imposed hidden conditions and costs that reduced the promised minutes of calling time, significantly reducing its stated value. The Card shown in Exhibit A is representative of all of Defendant's Cards.

21. Defendant's Cards, including Exhibit A, typically share common features:

   a. They are sold at retail locations and newsstands and marketed to appeal to ethnic populations in New Jersey and nationwide;

   b. Defendant's logo appears on the face of the Card;

   c. An access number and a personal identification number (PIN) are printed on the Cards;

   d. Calls are made by dialing the access number and then entering the PIN code;

   e. After the PIN is entered and accepted, an automated voice typically announces how much time is left on the Card;

   f. Defendant has the technology to track the fees it imposes, time left and used on the Card, and to provide customer support for users of the Cards;

   g. CVT Cards contain the standardized verbiage on the reverse of CVT's cards exemplified by Exhibits A and B; and,

   h. Each Card typically states a price in US dollars to induce the sale of the Card to consumers for the equivalent amount of calling time.

22. Because, by definition, Prepaid Calling Cards embody a right to exchange the monetary value stated on the Card for telephone calling time, each CVT Card with a stated price represents expressly or by implication that the price the customer pays for the Card is predominantly for calling time, excluding government imposed surcharges and taxes.

23. Thus, Plaintiff and the other Class Members, irrespective of their native language, ethnic background, or brand of Card purchased, can reasonably expect that when they purchase Defendant's Prepaid Calling Cards the Cards are in fact worth the full stated dollar value of the Card and the price they paid is predominantly for long-distance calling time. If Defendant's Card costs $5, for example, the consumer can reasonably expect that the consumer will receive $5 in long-distance calling time, minus taxes.

24. However, such is not the case with CVT Cards, which are not what they appear to be. CVT leads consumers into believing they are buying predominantly calling time when purchasing its Prepaid Calling Cards, when in reality they are not.

25. In truth and in fact, Defendant's Prepaid Calling Cards do <u>not</u> provide the stated dollar value in calling time to consumers like Plaintiff and Class Members, because of a host of omissions and fees they impose on use of Defendant's Cards. Upon information and belief, Defendant has systematically, intentionally, and surreptitiously in New Jersey and throughout the United States failed to disclose on CVT Cards prominently and clearly so that a reasonable consumer would understand:

    a. The price the consumer pays per billing increment (10¢ per minute increment for example);

    b. That Defendant imposes a "per call" fee on all calls using the Card and the exact amount of the fee;

    c. That Defendant imposes a higher rate for calls to mobile telephones and the amount of that rate; and,

    d. That Defendant imposes a "weekly fee" of $ 0.60 and the circumstances in which it applies.

26. One net effect of the imposition of the foregoing undisclosed fees and charges is the systematic albeit quiet reduction in the amount of calling time left on the Card. For example,

a five-minute call may be catalogued as a ten-minute call because an additional five minutes have surreptitiously been taken out as a fee.

27. On its Cards and in its marketing thereof, CVT has uniformly failed to disclose the foregoing material facts and information, to disclose them clearly and conspicuously, or to disclose them in a manner consumers are likely to notice and understand. CVT was and is in a superior position to know such facts and information, and such information is within CVT's exclusive knowledge and unknown to Plaintiff and Class Members. Without the foregoing information, consumers can't determine just what calling time they're buying and at what price.

28. Defendant's common course of conduct set forth above is clearly unfair and/or deceptive because:

    a. The omissions and facts set forth in the preceding paragraphs are and were likely to affect a reasonable consumer's decision whether or not to purchase CVT Cards—i.e., they were material;

    b. CVT routinely and uniformly failed to adequately disclose material facts and information including the price per minute, and fees and charges referred to above and the reduction of calling time they lead to;

    c. CVT Cards routinely state a monetary value which expressly or by implication represents to a reasonable customer that when the consumer pays the price for Defendant's Cards the consumer is predominantly buying calling time, when such is not the case; and,

    d. CVT routinely announces an amount of calling time in minutes left on Cards when CVT only delivers a portion of the calling time announced.

29. Defendant's deceptive or unfair course of conduct is all the more egregious because it victimizes consumers whose knowledge of English and of our legal systems is often limited.

30. Through its common course of conduct, CVT has employed or used means or methods of selling or marketing its Cards which have caused consumers, including Plaintiff and Class Members ascertainable losses, in that, among others things, CVT's conduct systematically:

    a. Deprived vulnerable consumers of material facts and information, which would likely affect their decisions whether to purchase CVT Cards or their abilities to make intelligent and meaningful choices between or among CVT Cards and other prepaid calling cards;

    b. Contravened the reasonable expectation of consumers, including Plaintiff and Class Member, that they were buying predominantly calling time when purchasing CVT Cards, when in reality they weren't;

    c. Reduced the value of the Cards Plaintiff and Class Members purchased; and,

    d. Induced Plaintiff and Class Members to spend money on CVT Cards they would not have spent but for Defendant's common course of conduct.

31. Were it not for CVT's course of conduct, including the omissions set forth in the preceding paragraphs, Plaintiff and Class Members would have not purchased CVT Cards or paid the full price stated on the Cards.

32. Because of the course of conduct described above and because CVT uniformly failed to adequately disclose material facts about its Cards, or disclosed them in a misleading manner, consumers cannot and could not reasonably avoid their injuries.

33. CVT's course of conduct, set out above, is on-going and adverse to the public interest and the policies underlying consumer protection laws. Unless enjoined and restrained by an order of this Court, CVT will continue to engage in the unlawful acts and practices set out herein. Such acts and conduct by CVT have caused ascertainable loss and actual damage to consumers, including Plaintiff and Class Members, and unless enjoined by the Court, CVT will

continue to aggrieve and cause monetary loss to Plaintiff, Class Members, and future consumers of CVT Cards.

## CLASS ACTION ALLEGATIONS

34. Plaintiff brings this action on his own behalf and as a Class Action pursuant to Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the following proposed "Class" or "Class Members":

> **Class A**: Since January 1, 2004, all persons who purchased Prepaid Calling Cards which were produced, sold, and/or distributed by CVT throughout the United States.
>
> **[Alternate] Class B:** Since January 1, 2004, all residents of specific sister states [New Jersey, California, Connecticut, Florida, Illinois, Massachusetts, Maine, New York, Vermont, Washington, and West Virginia] with substantially similar statutes[1] (enacted and designed to protect consumers against unfair or deceptive business practices) who purchased Prepaid Calling Cards which were produced, sold, and/or distributed by CVT.

Excluded from the Class are Defendant, its parents, subsidiaries and affiliates, directors and officers and members of their immediate families.

35. <u>Numerosity</u>: The members of the Class are so numerous and geographically diverse that joinder of all of them is impracticable. While the exact number and identities of members of the Class are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes and avers that there are thousands of Class Members.

36. <u>Commonality</u>: Plaintiff's and Class Members' claims derive from a common core of salient facts, and share many of the same legal claims. There are questions of fact *or* law

---

[1] *See* N.J.S.A. 56:8-2; Cal. Bus. & Prof. Code § 17200 *et seq*.; Conn. Gen. Stat. § 42-110b(a); Fla. Stat. Ann. § 501.204; 815 ILCS § 505/1 *et seq*. ; Mass. Gen. L. ch. 93A, § 2; Me. Rev. Stat. Ann. tit. 5 § 207; N.Y. Gen. Bus. Law § 349(a); Vt. Stat. Ann. tit. 9, § 2453; Wash. Rev. Code § 19.86.010 *et seq*.; and, W. Va. Code § 46A-6-104.

common to members of the Class, which predominate over any questions affecting any individual members, including, but not limited to, the following:

    a. Whether Defendant imposed standardized conditions, fees and surcharges on uses of its Cards;

    b. Whether Defendant legibly, clearly and conspicuously disclosed the standardized conditions, fees and surcharges on uses of its Cards;

    c. Whether Defendant legibly, clearly and conspicuously disclosed the value of its Cards and how much calling time consumers like Plaintiff and Class Members were actually buying when they purchased Defendant's Cards;

    d. Whether consumers can reasonably expect that by paying the stated price of Defendant's Cards they are buying predominately calling time;

    e. Whether Defendant's course of conduct and omissions are material;

    f. Whether Plaintiff and Class Members would have purchased Defendant's Cards had they known that by paying the stated price of Defendant's Prepaid Calling Card they were not predominately buying calling time;

    g. Whether Defendant engaged in the knowing omissions of material facts with the intent that Plaintiff and Class Members would rely on such omissions;

    h. Whether Defendant engaged in deceptive, unfair or unconscionable acts or practices;

    i. Whether Defendant was unjustly enriched through their course of conduct;

    j. Whether Plaintiff and members of the Class have sustained ascertainable losses by reason of Defendant's wrongful course of conduct and, if so, the proper measure of those losses.

    k. Whether Plaintiff and members of the Class are entitled to injunctive and/or other equitable relief; and

    l. Whether Plaintiff and the Class are entitled to declaratory judgment.

    37. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the other members of the Class in that Plaintiff's claims arise from the same course of conduct by Defendant toward

themselves and members of the Class. Plaintiff, like other members of the Class, purchased Prepaid Calling Cards, did not receive the full value promised by Defendant, and suffered monetary losses as a result of Defendant's course of conduct.

38. <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's claims are coextensive with, and not antagonistic to, the claims of the other members of the Class. Plaintiff is willing and able to vigorously prosecute this action on behalf of the Class, and Plaintiff has retained competent counsel experienced in litigation of this nature.

39. Plaintiff brings this action under Rule 23(b)(3) because common questions of law and fact predominate over issues that are individual to members of the Class. The proposed Class is sufficiently cohesive to warrant class and representative treatment. Upon information and belief, Defendant has the technology and records which would permit Plaintiff a plausible class-wide method for proving their case. Certification under Rule 23(b)(3) is also appropriate because a class action is superior to the other available methods for the fair and efficient adjudication of this action. Given the small damage amounts per Class Member, the expense of litigating each Class Member's claim individually would be so cost prohibitive as to deny Class Members a viable remedy. Plaintiff envisions no unusual difficulty in the management of this action as a class action.

40. Plaintiff also brings this action under Rule 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to all members of the Class, thereby making final injunctive relief concerning the Class as a whole appropriate. In the absence of appropriate injunctive relief, Defendant will continue to operate its systematic Prepaid Calling Card scheme. Defendant's uniform conduct towards Plaintiff and the other members of the Class makes certification under Rule 23(b)(2) appropriate.

## COUNT I
### (Violation of Substantially Similar Consumer Protection Statutes of Certain States)

41. Plaintiff repeats the allegations contained in Paragraphs 1-40 as if fully set forth herein.

42. This Count is asserted by Plaintiff on behalf of himself and on behalf of Alternate Class B, as defined herein.

43. Defendant's course of conduct as alleged herein violates the substantially similar unfair and deceptive acts and practices laws of New Jersey and sister states, represented by Alternate Class B defined above. *See* N.J.S.A. 56:8-2; Cal. Bus. & Prof. Code § 17200 *et seq.*; Conn. Gen. Stat. § 42-110b(a); Fla. Stat. Ann. § 501.204; 815 ILCS § 505/1 *et seq.*; Mass. Gen. L. ch. 93A, § 2; Me. Rev. Stat. Ann. tit. 5 § 207; N.Y. Gen. Bus. Law § 349(a); § 47-18-104; Vt. Stat. Ann. tit. 9, § 2453; Wash. Rev. Code § 19.86.010 *et seq.*; and, W. Va. Code § 46A-6-104.

44. Prepaid Calling Cards are "merchandise" as defined by the consumer fraud acts. *See, e.g.*, N.J.S.A. 56:8-1(c).

45. Defendant's business and its course of conduct including its material omissions about CVT Cards impact the public interest.

46. As set forth above, Defendant's course of conduct, including its material omissions, are deceptive because Defendant conceals and/or misrepresents by material omission the terms and conditions of its Prepaid Calling Card products, including their actual value for making calls, which is likely to mislead or has the capacity to mislead consumers, including Plaintiff and Class Members.

47. As set forth above, Defendant committed knowing omissions of material facts about its Cards with the intent that Plaintiff and Class Members would rely upon such omissions.

48. As set forth above, Defendant's course of conduct is also unfair: Defendant's conduct caused Plaintiff and Class Members unjustified, substantial injuries which they could not avoid because of Defendant's material omissions; or such actions offend public policy, are immoral, unscrupulous, unethical and offensive, and thereby cause substantial injury to consumers, like Plaintiff and Class Members defined above.

49. Plaintiff has suffered injury in fact and monetary loss as a direct and proximate result of Defendant's conduct, including but not limited to, the monies paid to purchase the Prepaid Phone Cards. Were it not for Defendant's course of conduct including the omissions set forth in the preceding paragraphs, Plaintiff and Class Members would have not purchased Defendant's Cards or paid the full price stated on the Cards.

50. Plaintiff and the Class have suffered ascertainable loss and have been aggrieved as a direct and proximate result of Defendant's conduct, including but not limited to, the monies paid to purchase the Prepaid Phone Cards.

51. Plaintiff and the Class are entitled to legal and equitable relief for violating the foregoing statutes, including, as applicable, damages, restitution and/or disgorgement of all revenues, earnings, profits, compensation and benefits which may have been obtained by Defendant as a result of their unlawful course of conduct, and an order enjoining Defendant to cease and desist from engaging in the practices described herein.

## COUNT II
**(Unjust Enrichment)**

52. Plaintiff repeats the allegations contained in paragraphs 1-51 as if fully set forth herein.

53. This Count is asserted by Plaintiff on behalf of himself and on behalf of Class A, as defined herein and stated in the alternative to Count I.

54. Defendant has received and retained a benefit conferred by Plaintiff and Class Members at their expense through their purchase of Defendant's Cards.

55. As hereinabove alleged, Defendant has benefited unjustly at Plaintiff's and Class Members' expense because Plaintiff and Class Members bought CVT Cards, when in truth and in fact CVT Cards are not what they appear to be. CVT leads consumers into believing they are buying predominantly calling time when purchasing its Prepaid Calling Cards, when such is not the case.

56. Plaintiff and Class Members have no adequate remedy at law because of Defendant's conduct.

57. As a direct and proximate result of Defendant's unjust enrichment, Plaintiff and the Class members have suffered monetary injury.

58. Plaintiff, on behalf of himself and the Class, is entitled to restitution from Defendant and an order for the disgorgement of all profits, benefits, and other compensation obtained by CVT, for its wrongful conduct.

## COUNT III
### (Declaratory Relief Pursuant To 28 U.S.C. § 2201)

59. Plaintiff repeats the allegations contained in Paragraphs 1-58 as if fully set forth herein.

60. This Count is asserted by Plaintiff on behalf of himself and on behalf of Class A and Alternate Class B, as defined herein.

61.     There is an actual controversy between Plaintiff and the Class and CVT concerning the enforceability of hidden charges and other conditions and limitations imposed by CVT on use of its Cards.

62.     Pursuant to 28 U.S.C. § 2201 this Court may "declare the rights and legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

63.     Plaintiff is an interested party who seeks a declaration, on behalf of himself and the Class, of their rights and legal relations *vis-à-vis* CVT with regard to the hidden charges and other deceptive conditions and limitations imposed by CVT. Specifically, Plaintiff seeks a declaration that CVT's course of conduct and failure to disclose material facts are unlawful as alleged above.

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for judgment and relief as follows:

A.  For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and their counsel of record to represent the proposed Plaintiff Class;

B.  For an order declaring that Defendant violated the Consumer Protection Acts as defined above, that its course of conduct constituted unjust enrichment;

C.  Entering judgment in favor of Plaintiff and the Class against Defendant;

D.  Awarding Plaintiff and Class members redress including damages, full restitution and/or disgorgement of all revenues where allowable, earnings, profits, compensation and benefits which may have been obtained by Defendant as a result of its unlawful course of conduct, acts or practices;

E. Issuing an injunction against Defendant to cease and desist from the unlawful conduct alleged herein;

F. Awarding Plaintiff and the Class attorney's fees and costs; and,

G. Granting such further relief as the Court deems just.

> CARELLA, BYRNE, BAIN, GILFILLAN,
> CECCHI, STEWART & OLSTEIN,
> Attorneys for Plaintiff
>
> By:  /s/ James E. Cecchi
>       JAMES E. CECCHI

Date:  August 12, 2008

Of counsel:

Paul M. Weiss
FREED & WEISS LLC
111 West Washington Street, Suite 1331
Chicago, Illinois  60602
(312) 220-0000

Eric Stoppenhagen
LAW OFFICE OF ERIC STOPPENHAGEN
285 Avenue C
Suite #MB
New York, New York 10009
(646) 594-8669

Steven R. Jaffe
Mark S. Fistos
ROTHSTEIN ROSENFEDLT ADLER
Las Olas City Centre
401 East Las Olas Boulevard, Suite 1650
Fort Lauderdale, Florida 33301
(954) 522-3456

-18-

**DEMAND FOR JURY TRIAL**

The undersigned hereby demand a trial by jury as to all claims so triable.

                                              CARELLA, BYRNE, BAIN, GILFILLAN,
                                              CECCHI, STEWART & OLSTEIN
                                              Attorneys for Plaintiff

                                              By:   /s/ James E. Cecchi
                                                      JAMES E. CECCHI

Dated: August 12, 2008

Paul M. Weiss
FREED & WEISS LLC
111 West Washington Street, Suite 1331
Chicago, Illinois 60602
(312) 220-0000

Eric Stoppenhagen
LAW OFFICE OF ERIC STOPPENHAGEN
285 Avenue C
Suite #MB
New York, New York 10009
(646) 594-8669

Steven R. Jaffe
Mark S. Fistos
ROTHSTEIN ROSENFEDLT ADLER
Las Olas City Centre
401 East Las Olas Boulevard, Suite 1650
Fort Lauderdale, FL 33301
(954) 522-3456